Judge Rowan
delivered the opinion of the court.
Savary sold to James Johnston a lot in Millersburg, at the price of $600; for the conveyance of which he executed to the said Johnston his bond, and for the payment of the consideration money, he took the bond of the said Johnston. This transaction took place on the 18th day of July, 1805; the payments to be made by Johnston were to be in smith work, horses and money, within three years from that date. Johnston afterwards sold the lot to Welch, and assigned to him the bond of Savary for the conveyance thereof—some time after which, Johnston became embarrassed and left the state, and some time thereafter, Savary represented to Welch that there was still due to him from the said Johnston, as a balance of the consideration money for the said lot, $100 43, and that he would not make the *111 conveyance until he was paid the said balance. Welch paid to Savary the amount aforesaid, and received a conveyance for the lot. Welch discovered afterwards, as he believed, that Johnston had paid off entirely the bond which he had given to Savary for the price of said lot, but that Savary had applied a part of the money so paid, to Johnston’s credit, in a mercantile account, which he had against him, viz. $100 43; and had, by misrepresentation and fraud, obtained from him that amount, as a balance due from Johnston for the lot—when, in fact and in truth, there was no balance for the lot.
Welch filed his bill in the court below, alledging the foregoing facts, and made Vimont a co-defendant with Savary thereto; alledging further, that Vimont was the partner of Savary in trade, and his agent in the receipt of the payments from Johnston. Savary departed this life pending the suit, without having filed his answer therein. Vimont, the executor of Savary, the bill having been dismissed against him individually, answered the bill. In his answer, he admits that he was the agent of Savary, not only in this, but in his business generally. He denies that he was a partner in trade with the said Savary, or that he had any interest in this transaction. He states that the payments which were made by the said Johnston were made to him as the agent of the said Savary; that they are all endorsed upon the bond of Johnston, in the hand writing of Savary, to whom he reported them as made; that they are endorsed truly; that he knows of no other payment made by the said Johnston on account of the said bond: He does not believe that any other was made, none other was made to him, and believes that if any other had been made to Savary, he would have known it. He annexes the bond with the endorsement thereon to his answer. He denies that any of the payments made on account of the bond, were applied to the credit of Johnston in his store account; states that Johnston was indebted to Savary, by the amount of his note, upon settlement of store account, made the 6th of March, 1807; which note bearing that date for 15l. 7s. 3d. together with an account current thereafter, shewing a balance due thereon, be annexes to his answer.
The court below decreed that Vimont should, out of the assets, &c. pay to Welch one hundred dollars, with interest thereon at the rate of 6 per cent. from the 30th day of November, 1811, until paid; to reverse which decree. Vimont *112 has, by writ of error, brought the case to this court.
Bibb for plaintiff, Pope for defendant.
It is proved, satisfactorily, that Welch paid to Savary the 100 43, as a balance due from Johnston for said lot: But the proof that that balance was not fairly due, is by no means satisfactory. It is attempted to be made out, first, by proving that sundry payments were made by Johnston. The payments established by this description of proof, do not equal in amount those endorsed upon the bond. And, next, by the proof of confessions made by Vimont while the agent of Savary—and by inferences drawn from his silence, when a statement of entire payment was made in his presence.
This proof is most explicitly, and we think satisfactorily, repelled, by the deposition of Vimont, and by the production of the bond of Johnston, with the credits endorsed thereon, and in connection with that, of the l15 7 3 note of Johnston for store goods, together with the subsequent store account. By these documents, taken in connection with the testimony of Vimont, it appears most evidently that Savary did not misapply any of the payments made by Johnston, as was supposed by complainant. The credits endorsed upon the bond, exceed the payments proved. The note for the goods, and the account, remain unpaid, and a balance of $83, with interest upon the bond for the lot. On the part of the defendant, the documents speak for themselves; on the part of the complainant, the proof is vague and conjectural, and is repelled by not only the documents, but the explicit testimony in accordance therewith, of Vimont.
The decree of the court below must be reversed with costs, and the complainant’s bill dismissed with costs.